Exhibit T



**University at Buffalo**
**Clinical Legal Education**
School of Law

December 5, 2018

Director, Office of Information Policy
U.S. Department of Justice
Suite 11050
1425 New York Avenue, NW
Washington, DC 20528-0001

      RE:    **Appeal of FOIA Response**
              **Freedom of Information Act/ Privacy Act Request 18-OIG-505**

Dear Sir or Madam:

      We write on behalf of the co-requestors Privacy International ("PI"), the American Civil Liberties Union and the American Civil Liberties Union Foundation (together, the "ACLU"), and the Civil Liberties and Transparency Clinic of the University at Buffalo School of Law ("CLTC"), to appeal your agency's September 28, 2018 response to our September 10, 2018 request for documents and information pursuant to the Freedom of Information Act. We appeal on the grounds that your agency performed an inadequate search as is required by the Act and failed to produce records responsive to the request.

      **I.**    **Background**

      By letter dated September 10, 2018, PI, ACLU, and CLTC requested from the U.S. Department of Justice's Office of Inspector General ("DOJ-OIG") copies of records related to investigations or audits into the use of computer hacking tools by law enforcement agents. The FOIA request (attached hereto as Exhibit A) sought two categories of records—*i.e.* DOJ-OIG reports regarding government use of hacking tools as well as records upon which DOJ-OIG relied in preparing any such reports. The request also sought expedited processing under 5 U.S.C. § 552(a)(6)(E) and a fee waiver or limitation of fees.

      As of today, we have received one letter in response to our request to the DOJ-OIG (attached hereto as Exhibit B). This letter from Government Information Specialist Jeanetta M. Howard of the Office of General Counsel, dated September 28, 2018, acknowledged receipt of our request and responded to our request by disclosing three publicly available OIG reports. Interestingly, this included one report that we had already referenced in our initial FOIA request as supporting evidence for the need for more information on the use of hacking tools by the government. We believe this response is insufficient because the search for records was inadequate and because the agency failed to identify records clearly responsive to the request. Accordingly, pursuant to the Department of Justice regulations, 28 C.F.R. § 16.8(a), we hereby timely appeal the DOJ-OIG's response to our FOIA request.

## II. Basis for Appeal

DOJ-OIG is required by law and regulation to conduct a thorough search for records responsive to a FOIA request. A search under FOIA "means to review, manually or by automated means, agency records for the purpose of locating those records which are responsive to a request." 5 U.S.C. § 552(a)(3)(D). Moreover, under 5 U.S.C. § 552(a)(3)(C), an agency shall make reasonable efforts to search for records in electronic form or format that may be responsive to the request, with an exception for when such efforts significantly interfere with the agency's automated information system.

DOJ-OIG failed to comply with these obligations. By merely referring us to three publicly available reports and failing to describe the manner in which it conducted its search, the DOJ-OIG has failed to demonstrate that it made reasonable efforts to search for the first category of records sought—*i.e.* reports or similar documents relating to oversight of government use of hacking techniques. Moreover, DOJ-OIG has, apparently, completely ignored the second item of our request, which sought "any records that the DOJ-OIG relied upon in the course of preparing reports or other documents responsive to [the first category of the request]." *See* Ex. A. DOJ-OIG appears to have failed to search for or identify any such records, even with respect to the three reports that it identified as responsive to the request.

It is well established that when an agency receives a FOIA request, it must conduct a search reasonably calculated to uncover all relevant documents. *See Ctr. for Biological Diversity v. Office of the United States Trade Representative*, 450 F. App'x 605 (9th Cir. 2010). This search does not need to be perfect, but the agency must demonstrate that its search was adequate in order to meet its burden. *See Rein v. United State PTO*, 553 F.3d 353 (4th Cir. 2009). Adequacy is measured by the reasonableness of the effort in light of the specific request. *See id.* (quoting *Meeropol v. Meese*, 790 F.2d 942 (D.C. Cir. 1986)). In demonstrating the adequacy of its search, an agency may, with reasonable detail, set forth the search terms and types of searches performed and aver that all files likely to contain responsive material were searched so as to give the requesting party an opportunity to challenge the adequacy of the search. *See Rein* at 362; *also Ethyl Corp. v. United States EPA*, 25 F.3d 1241, 1250 (4th Cir. 1994). Further, an agency can demonstrate a search was adequate by providing "specific information regarding what files were searched . . . why further searches are unlikely to produce additional records, or why additional searches are impractical." *Ctr. for Biological Diversity*, 450 F. App'x at 608.

The DOJ-OIG's search for records was inadequate for at least three reasons. *First*, it has failed to demonstrate how its search for records was reasonable. DOJ-OIG stated that it found three publicly available reports that may be responsive to our request. One of these reports, involving the San Bernardino terrorist attack, was mentioned in our FOIA request as evidence for the public interest in disclosure and the need for expedited processing. The other two reports are likewise publicly available. DOJ-OIG's search thus apparently did not go beyond a review of publicly-available documents already readily accessible to us on DOJ-OIG's website. This is by no means an adequate search within the meaning of FOIA.

There is good reason to believe that additional DOJ-OIG reports exist concerning use of government hacking techniques by law enforcement agencies within the Department of Justice. Components of DOJ, including the FBI and DEA, have deployed hacking tools extensively. In a number of instances, there has been significant public controversy about whether the government's use of such techniques was lawful or whether government agents complied with internal agency policy and rules. For example, the FBI used hacking techniques to impersonate a journalist and deploy malware onto the computer of a high school student who was accused of making bomb threats. Similarly, the FBI secretly used malware to identify unsuspecting users on the servers of Freedom Hosting, an anonymous website hosting service. Given these high-profile and extensively reported uses of hacking—and the legal and policy questions they raised—there is good reason to believe that DOJ-OIG has conducted additional oversight activity on the use of hacking techniques—beyond the three public reports identified already—and that DOJ-OIG has additional reports, memoranda, or similar documents that are responsive to our request.

*Second*, DOJ-OIG appears to have failed to conduct any search at all for records responsive to the second item in our request. As noted already, that portion of our request sought any records upon which DOJ-OIG relied in preparing reports concerning government hacking techniques. DOJ-OIG has already identified three such reports, yet it has failed to identify even a single record upon which it relied in preparing those reports. DOJ-OIG's response gives no indication whatsoever that it searched for such records. Indeed, it is utterly implausible that DOJ-OIG has no records in its possession underlying the extensive, public reports that it has published concerning government use of hacking techniques. DOJ-OIG's response to the request is thus plainly incomplete.

*Finally*, DOJ-OIG failed to include any information about how it conducted its searches, such as which offices were searched, what databases were searched, what search terms were used, or how particular personnel went about identifying responsive records. DOJ-OIG has likewise offered no reason to believe that additional, reasonable searches would be unlikely to produce more records. Without providing more information about the nature of the searches performed, DOJ-OIG has failed to establish that its efforts in conducting the search were in compliance with its obligation under FOIA. To the contrary, there is every reason to believe those efforts were inadequate.

Having failed to meet its burden under FOIA, we respectfully request that the DOJ-OIG conduct additional searches for records in compliance with the requirements of FOIA.

### III. **Request for Relief**

For the foregoing reasons, we submit that DOJ-OIG failed to make a reasonable effort to search for records in violation of FOIA. We respectfully request that you grant this appeal and direct DOJ-OIG to conduct additional searches by making a reasonable effort to search for all responsive records, and to begin processing the requested records immediately for potential release.

Please direct all correspondence relating to this request to:

> Jonathan Manes
> Civil Liberties & Transparency Clinic
> University at Buffalo School of Law
> 507 O'Brian Hall, North Campus
> Buffalo, NY 14260-1100
> (716) 645-6222
> jmmanes@buffalo.edu

Thank you for your prompt attention to this matter.

Sincerely,

*/s/ Jonathan Manes*

Jonathan Manes, *supervising attorney*
Alex Betschen, *student attorney*
RJ McDonald, *student attorney*
Colton Kells, *student attorney*
Civil Liberties and Transparency Clinic
University at Buffalo School of Law, SUNY
507 O'Brian Hall, North Campus
Buffalo, NY 14260-1100
Tel: 716.645.6222
jmmanes@buffalo.edu

Brett Max Kaufman
Vera Eidelman
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
bkaufman@aclu.org
veidelman@aclu.org

Jennifer Stisa Granick
American Civil Liberties Union Foundation
39 Drumm Street
San Francisco, CA 94111
Tel: 415.343.0758
jgranick@aclu.org

Scarlet Kim
Privacy International
62 Britton Street
London EC1M 5UY
United Kingdom
Tel: +44 (0)203 422 4321
scarlet@privacyinternational.org

4