# Exhibit Z



University at Buffalo
Clinical Legal Education
School of Law

December 5, 2018

Freedom of Information Act Appeal
Treasury Inspector General for Tax Administration
Office of Chief Counsel
City Center Building
1401 H Street, NW, Suite 469
Washington, DC 20005

**RE: Appeal of FOIA Response**
**Request No. 2018-FOI-00260**

Dear Sir or Madam:

We write on behalf of the co-requestors Privacy International ("PI"), the American Civil Liberties Union, and the American Civil Liberties Union Foundation (together, the "ACLU"), and the Civil Liberties and Transparency Clinic of the University at Buffalo School of Law ("CLTC"), to appeal your agency's October 4, 2018, decision finding no responsive records in response to our September 10, 2018, Freedom of Information Act ("FOIA") request.

## I. Background

By email dated September 10, 2018, PI, ACLU, and CLTC requested from the Treasury Inspector General for Tax Administration ("TIGTA") copies of records related to investigations or audits into the use of computer hacking tools by law enforcement agents. The FOIA request (attached hereto as Exhibit A) sought two categories of records and asked for expedited processing under 5 U.S.C. § 552(a)(6)(E).

As of today, we have received two letters in response to our request to TIGTA. The first letter from Disclosure Officer Monica Frye, dated September 12, 2018, acknowledged receipt of our request and denied expedited processing (attached as Exhibit B). We timely appealed this decision within 10 days (attached as Exhibit C).

The second letter from Disclosure Officer Monica Frye, dated October 4, 2018, stated that no records responsive to our request were found (attached as Exhibit D). We write to appeal that determination and to request that TIGTA conduct an adequate search for records responsive to our request. Among other things, TIGTA failed to describe the methods used to search for records responsive to the request, other than to list a handful of offices which were notified about our request.[1]

---

[1] This appeal is timely filed within 90 days of receipt of Ms. Frye's letter finding no records. We received that letter on October 4, 2018.

507 O'Brian Hall, Buffalo, NY 14260-1100
716.645.6222 (F) 716.645-2167
jmmanes@buffalo.edu

**II. Basis for Appeal**

Pursuant to the Department of Treasury's FOIA regulations, 31 C.F.R. § 1.5(h)(5)(i)(D), we hereby timely appeal TIGTA's determination that no responsive records exist. TIGTA is required by law and regulation to conduct a thorough search for records responsive to a FOIA request. A search under FOIA "means to review, manually or by automated means, agency records for the purpose of locating those records which are responsive to a request." 5 U.S.C. § 552 (a)(3)(D). Under 5 U.S.C. § 552(a)(3)(C) and 31 C.F.R. § 1.5(g), an agency must also make reasonable efforts to search for records in electronic form or format, with an exception for when such efforts significantly interfere with the operation of the agency's automated information system. In failing to locate any records responsive to our request, TIGTA failed to comply with these obligations. By merely mentioning the offices in which TIGTA conducted its search, TIGTA failed to explain how its efforts were reasonable.

It is well established that when an agency receives a FOIA request, it must conduct a search reasonably calculated to uncover all relevant documents. *See Ctr. for Biological Diversity v. Office of the United States Trade Representative,* 450 F. App'x 605 (9th Cir. 2010). This search does not need to be perfect, but the agency must demonstrate that its search was adequate in order to meet its burden. *See Rein v. United State PTO,* 553 F.3d 353 (4th Cir. 2009). Adequacy is measured by the reasonableness of the effort in light of the specific request. *See id.* (quoting *Meeropol v. Meese,* 790 F.2d 942 (D.C. Cir. 1986)). In demonstrating the adequacy of its search, an agency must, with reasonable detail, set forth the search terms and types of searches performed and aver that all files likely to contain responsive material were searched so as to give the requesting party an opportunity to challenge the adequacy of the search. *See Rein* at 362; *also Ethyl Corp. v. United States EPA,* 25 F.3d 1241, 1250 (4th Cir. 1994). Further, an agency can demonstrate a search was adequate by providing "specific information regarding what files were searched . . . why further searches are unlikely to produce additional records, or why additional searches are impractical." *Ctr. for Biological Diversity,* 450 F. App'x at 608.

TIGTA's search for records was inadequate because it has failed to demonstrate that its search for records was reasonable under the standards just described. TIGTA states that it searched the following offices for responsive records: Office of Deputy Inspector General for Audit, Office of Deputy Inspector General for Inspections and Evaluations, Office of Investigations, and the Office of Information Technology. *See* Ex. D. However, TIGTA does not provide any information about *how* it conducted such searches, including what databases were searched, what search terms were used, or how people in these offices otherwise went about looking for responsive files. TIGTA also failed to describe why it believes its search was comprehensive, why additional searches would be unlikely to produce additional records, or why additional searches would be impractical. Without providing more information about the nature of searches performed, TIGTA has failed to establish that its efforts in conducting the search were reasonable. As such, TIGTA's conduct is improper under FOIA and Treasury regulations and the Requesters are entitled to an additional search for records by TIGTA.

We have reason to believe that TIGTA has documents responsive to our request. TIGTA operates a number of divisions that would potentially have responsive documents, including: the Forensic and Digital Science Laboratory, the Strategic Data Services Division, the Criminal Intelligence and Connterterrorism Division, and the Cybercrimes Investigations Division. These divisions operate within the Office of Investigations, and the nature of the work done by them suggests they would have documents or information that is responsive to our request. Nothing in the TIGTA letter suggests that these divisions were searched in response to our request; it merely states that the Office of Investigations was searched generally. *See* Ex. D. In conducting an additional search that is adequate, these divisions should be searched as they appear most likely to be a source of documents responsive to our request.

Finally, TIGTA also found that our request for a fee waiver is moot since the cost incurred was less than $25.00. However, this issue may not be moot if and when TIGTA conducts additional searches and finds records that are responsive to our request. PI, the ACLU, and CLTC are entitled to a waiver of search, review and duplication fees because disclosure of the information requested is in the public interest as defined in U.S.C. § 552(a)(4)(a)(iii); 28 C.F.R. § 16.10(k). If the public interest waiver of all fees is not granted, PI, the ACLU, and CLTC request a waiver of search and review fees because PI and the ACLU qualify as "representative[s] of the news media," CLTC qualifies as an "educational institution," and the records are not sought for "commercial use" within the meaning of 5 U.S.C. § 552(a)(4)(A)(ii); 28 C.F.R. § 16.10(b).

## III. Request for Relief

For the foregoing reasons, we submit that TIGTA failed to make a reasonable effort to search for records in violation of 5 U.S.C. § 552(a)(3)(C) and 31 C.F.R. § 1.5(g). We respectfully request that you order TIGTA to make a reasonable effort to search for responsive records and begin processing the requested records immediately for potential release.

Please direct all correspondence relating to this request to:

Jonathan Manes
Civil Liberties & Transparency Clinic
University at Buffalo School of Law
507 O'Brian Hall, North Campus
Buffalo, NY 14260-1100
(716) 645-6222
jmmanes@buffalo.edu

Thank you for your prompt attention to this matter.

Sincerely,

Jonathan Manes, *supervising attorney*
Alex Betschen, *student attorney*
RJ McDonald, *student attorney*
Colton Kells, *student attorney*
Civil Liberties and Transparency Clinic
University at Buffalo School of Law, SUNY
507 O'Brian Hall, North Campus
Buffalo, NY 14260-1100
Tel: 716.645.6222
jmmanes@buffalo.edu

Brett Max Kaufman
Vera Eidelman
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
bkaufman@aclu.org
veidelman@aclu.org

Jennifer Stisa Granick
American Civil Liberties Union Foundation
39 Drumm Street
San Francisco, CA 94111
Tel: 415.343.0758
jgranick@aclu.org

Scarlet Kim
Privacy International
62 Britton Street
London EC1M 5UY
United Kingdom
Tel: +44 (0)203 422 4321
scarlet@privacyinternational.org