Exhibit J



**U.S. Department of Justice**

Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*


Jonathan Manes, Esq.
Civil Liberties and Transparency Clinic
University at Buffalo School of Law
507 O'Brian Hall, North Campus        Re:    Appeal No. DOJ-AP-2019-001447
Buffalo, NY  14260-1100                      Request No. 18-01069-F
jmmanes@buffalo.edu                          SRO:JNW

**VIA:  Email**

Dear Mr. Manes:

    This is to advise you that your administrative appeal from the action of the Drug Enforcement Administration (DEA) was received in this Office on December 13, 2018.  You appealed from DEA's denial of your request[1] for expedited treatment of your Freedom of Information Act request.

    In your appeal letter, you assert that your request is entitled to expedited treatment pursuant to the second standard enumerated in the Department of Justice's regulations.  Under the second standard, you must show that there is "[a]n urgency to inform the public about an actual or alleged Federal Government activity, if made by a person primarily engaged in disseminating information."  5 U.S.C. § 552(a)(6)(E)(v)(II).  See also 28 C.F.R. § 16.5(e)(1)(ii) (2018).

    In deciding whether you have demonstrated that there is an "urgency to inform the public" under 28 C.F.R. § 16.5(e)(1)(ii) (2018), I considered three factors:  "(1) whether the request concerns a matter of current exigency to the American public; (2) whether the consequences of delaying a response would compromise a significant recognized interest; and (3) whether the request concerns federal government activity."  Al-Fayed v. CIA, 254 F.3d 300, 310 (D.C. Cir. 2001).  Although your request concerns a federal government activity, you have not established that the requested records are a matter of current exigency to the American public, nor that delaying a response would compromise a significant recognized interest.  You have not demonstrated a time-sensitive, urgent need to receive these records.  While the subject of your request may be newsworthy and a matter of legitimate public debate, that alone is not sufficient for expedited processing.

---

[1] I note that you made this request on behalf of the ACLU, the ACLU Foundation, and the Civil Liberties and Transparency Clinic of the University at Buffalo.

- 2 -

Furthermore, although you may well engage in the dissemination of information, you have not demonstrated that you are "primarily engaged" in disseminating information.  See Landmark Legal Found. v. EPA, 910 F. Supp. 2d 270 (D.D.C. 2012) (noting that plaintiff must be "primarily, and not just incidentally, engaged in information dissemination"); ACLU of N. Cal. v. DOJ, No. 04-4447, 2005 WL 588354, at *14 (N.D. Cal. Mar. 11, 2005) (holding that information dissemination must be "*the* main activity" rather than merely "*a* main activity" of plaintiff to satisfy expedition standard).  Without such a showing, expedited processing pursuant to the second standard is not warranted.[2]

Please be advised that this Office's decision was made only after a full review of this matter.  Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the action of DEA in response to your request.

If you are dissatisfied with my action on your appeal for expedited treatment of your request, you may file a lawsuit in accordance with 5 U.S.C. § 552(a)(6)(E)(iii).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  Using OGIS services does not affect your right to pursue litigation.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.  If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal.  Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

12/18/2018

X  *Sean O'Neill* (signature)

Sean R. O'Neill
Chief, Administrative Appeals Staff
Signed by: OIP

---

[2] Privacy International's (PI) website identifies it as a charity, and its main activities are advocacy, litigation, research, investigations, and awareness raising.  See https://privacyinternational.org/about.  The ACLU's stated mission is "to defend and preserve the individual rights and liberties guaranteed to all people in this country by the Constitution and laws of the United States."  See https://www.aclu.org/faqs#1_1.  Finally, the University at Buffalo School of Law's Civil Liberties and Transparency Clinic (CLTC) is a public interest law firm that "defends free speech, privacy, and other individual rights while pressing for greater transparency and accountability in government."  http://www.law.buffalo.edu/beyond/clinics/civil-liberties.html.  It is clear that while information dissemination is some component of what PI, the ACLU, and CLTC do, information dissemination is not their primary purpose.