UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PRIVACY INTERNATIONAL,
AMERICAN CIVIL LIBERTIES UNION,
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION; and CIVIL LIBERTIES
AND TRANSPARENCY CLINIC,

                Plaintiffs,

       v.

FEDERAL BUREAU OF
INVESTIGATION, *et al.*

                Defendants.

Civil Action No. 18-cv-1488

## ANSWER TO AMENDED COMPLAINT

Defendants Federal Bureau of Investigation ("FBI"), Drug Enforcement Administration ("DEA"), Department of Justice Criminal Division, U.S. Immigration and Customs Enforcement ("ICE"), U.S. Customs and Border Protection ("CBP"), Internal Revenue Service ("IRS"), U.S. Secret Service ("USSS"), Department of Justice Office of Inspector General ("DOJ-OIG"), Department of Homeland Security Office of the Inspector General ("DHS-OIG"), Department of Treasury Office of the Inspector General ("Treasury-OIG") and Treasury Inspector General for Tax Administration ("TIGTA") hereby answer the numbered paragraphs of Plaintiffs' Amended Complaint as follows:

1. The first sentence of this paragraph consists of Plaintiffs' characterization of their Complaint, to which no response is required. The second sentence states a conclusion of law, to which no response is required.

2-10. The allegations in these paragraphs consist of allegations that are immaterial to the adjudication of Plaintiffs' Freedom of Information Act ("FOIA") claim and do not set forth facts

in support of a claim upon which Plaintiffs are entitled to relief.  Thus, no answer is required.

11. Defendants lack knowledge as to the first sentence of this paragraph.  The allegations in the remainder of this paragraph contain Plaintiffs' characterization of their FOIA requests and their reasons for submitting the request, to which no response is required.  Defendants refer the Court to the complaint for a full and accurate statement of its contents.

12.  Defendants admit that (1) Plaintiffs filed the FOIA request more than 120 days before they filed their amended complaint on January 18, 2019, (2) eight Defendants had not provided a response at that time, and (3) three Defendants (DOJ-OIG, IRS and TIGTA) had provided responses.  The remaining allegations in this paragraph contain Plaintiffs' conclusions of law, to which no response is required.

13.   Defendants lack knowledge or information sufficient to form a belief as to the reasons that plaintiff brought its complaint, and the allegations of this paragraph are denied on that basis.

14.  This paragraph contains Plaintiffs' allegations concerning jurisdiction, which are legal conclusions that do not require a response.

15.  This paragraph contains Plaintiffs' allegations concerning venue, which are legal conclusions that do not require a response.

16.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and the allegations of this paragraph are denied on that basis.

17.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and the allegations of this paragraph are denied on that basis.

18.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

19.  Defendant FBI admits that FBI is component of the Department of Justice ("DOJ").  The remaining allegation in this paragraph is a conclusion of law, to which no response is required.

20. Defendant DEA admits that DEA is a component of the DOJ. The remaining allegation in this paragraph is a conclusion of law, to which no response is required.

21. Defendant DOJ Criminal Division admits that the DOJ Criminal Division is a component of the DOJ. The remaining allegation in this paragraph is a conclusion of law, to which no response is required.

22. Defendant ICE admits that ICE is a component of the Department of Homeland Security ("DHS"). The remaining allegation in this paragraph is a conclusion of law, to which no response is required.

23. Defendant CPB admits that CPB is a component of DHS. The remaining allegation in this paragraph is a conclusion of law, to which no response is required.

24. Defendant IRS admits that IRS is a component of the Department of Treasury. The remaining allegation in this paragraph is a conclusion of law, to which no response is required.

25. Defendant USSS admits that USSS is a component of DHS. The remaining allegation in this paragraph is a conclusion of law, to which no response is required.

26. Defendant DOJ-OIG admits that DOJ-OIG is a component of DOJ. The allegation in the second sentence of this paragraph is a conclusion of law, to which no response is required. With respect to the remainder of this paragraph, the allegations are denied to the extent that Plaintiffs' characterization of DOJ-OIG's responsibilities and jurisdiction is inconsistent with the statutes and regulations that define DOJ-OIG's responsibilities and jurisdiction.

27. Defendants DHS-OIG admits that DHS-OIG is a component of the DHS. The allegation is the second sentence of this paragraph is a conclusion of law, to which no response is required. With respect to the remainder of this paragraph, the allegations are denied to the extent that Plaintiffs' characterization of DHS's responsibilities and jurisdiction is inconsistent with the statutes and regulations that define DHS-OIG's responsibilities and jurisdiction.

28. Defendant Treasury-OIG admits that Treasury-OIG is a component of the Department of the Treasury. The allegation in the second sentence of this paragraph is a conclusion of law, to which no response is required. With respect to the remainder of this paragraph, the allegations are denied to the extent that Plaintiffs' characterization of Treasury-OIG's responsibilities and jurisdiction is inconsistent with the statutes and regulations that define Treasury-OIG's responsibilities and jurisdiction.

29. Defendant TIGTA admits that TIGTA is a component of the Department of the Treasury. The allegation in the second sentence of this paragraph is a conclusion of law, to which no response is required. With respect to the remainder of this paragraph, the allegations are denied to the extent that Plaintiffs' characterization of TIGTA's responsibilities and jurisdiction is inconsistent with the statutes and regulations that define TIGTA's responsibilities and jurisdiction.

30. −51. The allegations in these paragraphs consists of allegations that are immaterial to the adjudication of Plaintiffs' FOIA claim and do not set forth facts in support of a claim upon which Plaintiffs are entitled to relief. Thus, no answer is required, and on that basis the allegations are denied. In addition, the allegations in the last two sentences of paragraph 39 and paragraphs 44 and 45 contain Plaintiffs' characterization of news reports that speak for themselves, and to which the Court is referred for a true and complete statement of their contents.

52. The allegations in this paragraph contain conclusions of law, to which no response is required.

53. The allegations in this paragraph contain conclusions of law, to which no response is required.

54. This paragraph consists of allegations that are immaterial to the adjudication of Plaintiffs' FOIA claims and do not set forth facts in support of a claim upon which Plaintiffs are entitled to relief.

55. This paragraph consists of allegations that are immaterial to the adjudication of Plaintiffs' FOIA claims and do not set forth facts in support of a claim upon which Plaintiffs are entitled to relief.

56. Defendants admit that Plaintiffs submitted two FOIA requests – one to seven federal law enforcement components and another to the DOJ-OIG, DHS-OIG, Treasury-OIG and TIGTA. The remaining allegations contain Plaintiffs' characterization of those requests and their reasons for submitting the requests, to which no response is required.

57. This paragraph consists of allegations that are immaterial to the adjudication of Plaintiffs' FOIA claims and do not set forth facts in support of a claim upon which Plaintiffs are entitled to relief. Thus, no answer is required.

58.–59. The allegations in these paragraphs contain Plaintiffs' characterization of their FOIA request to the seven law enforcement components (attached as Ex. A to Plaintiffs' Amended Complaint). Defendants refer the Court to the request for a full and accurate statement of its contents.

60.–62. Defendants admit that Plaintiffs submitted a FOIA request to DOJ-OIG, DHS-OIG, Treasury-OIG, and TIGTA and that a copy of the request is attached as Ex. B to the Amended Complaint. The remaining allegations contain Plaintiffs' characterization of their request, to which no response is required. Defendants refer the Court to the request for a full and accurate statement of its contents.

63. Admitted.

64. Admitted.

65. Defendants admit that the requests asked for a waiver of search and review fees. The remaining allegations contains Plaintiffs' conclusions of law, to which no response is required.

66. Defendants admit that, with the exception of DOJ-OIG, IRS and TIGTA, defendants did

not provide a final response prior to the filing of this complaint.  The remaining allegations in this paragraph consist of conclusions of law, to which no response is required.

67.  The allegations in this paragraph contain Plaintiffs' conclusions of law, to which no response is required.

68.  Admitted.

69.  Admitted.

70.  Defendant FBI admits the allegations in the first two sentences. The remaining allegations in this paragraph consists of conclusions of law, to which no response is required.

71.  Admitted.

72.  Defendant FBI admits the allegations in the first sentence.  The remaining allegations in this paragraph consists of conclusions of law, to which no response is required.

73.  Admitted.

74.  Defendant FBI admits that Plaintiffs appealed FBI's denial and that a copy of Plaintiffs' appeal is attached to the Amended Complaint as Ex. E.  The remaining allegation regarding the timeliness of the appeal consists of a legal conclusion, to which no response is required.

75.  Defendant FBI admits that Plaintiffs' appeal was denied and a copy of the denial is attached as to the Amended Complaint as Ex. F.  The remaining allegations consist of a legal conclusion, to which no response is required.

76.  Admitted.

77.  Admitted.

78.  Denied.

79.  Admitted.

80.  Defendant DEA admits the allegations in the first two sentence.  The remaining allegation consists of a conclusion of law, to which no response is required.

81. Admitted.

82. Defendant DEA admits the allegations in the first sentence. The remaining allegation consists of a conclusion of law, to which no response is required.

83. Admitted.

84. Defendant DEA admits that Plaintiff appealed the denial of expedited processing by letter dated December 12, 2018, which was received on December 13, 2018, and that a copy of the appeal is attached as Ex. I to the Amended Complaint. The remaining allegation regarding the timeliness of the appeal is a legal conclusion, to which no response is required.

85. Defendant DEA admits that Plaintiffs' appeal of the denial of expedited processing was denied by a decision attached as Ex. J to the Amended Complaint. The remaining allegation consists of a conclusion of law, to which no response is required.

86. Admitted.

87. Admitted.

88. Admitted.

89. Admitted.

90. Defendant DOJ Criminal Division admits the allegations in the first two sentences. The remaining allegations consist of conclusions of law, to which no response is required.

91. With respect to the first sentence, Defendant DOJ Criminal Division admits that, in its September 20, 2018, letter (attached as Ex. K to the Amended Complaint), the Criminal Division advised that it had not yet made a decision on the request for a fee waiver and would make a decision after determining whether the processing of the request will result in any assessable fees. Defendant DOJ Criminal Division respectfully refers the Court to the September 18, 2018 letter for a complete and accurate description of its contents. The remaining allegation consists of a conclusion of law, to which no response is required.

92. Admitted.

93. Defendant DOJ Criminal Division admits that Plaintiffs appealed the denial of Plaintiffs' request for expedited processing and that a copy of the appeal is attached as Ex. L to the Amended Complaint.  The remaining allegation regarding the timeliness of the appeal consists of a conclusion of law, to which no response is required.

94. Defendant DOJ Criminal Division admits that Plaintiffs' administrative appeal was denied by letter dated December 18, 2018 (attached as Ex. M to the Amended Complaint). The remaining allegation consists of a conclusion of law, to which no response is required..

95. Admitted.

96. Admitted.

97.  Admitted.

98.  This paragraph contains Plaintiffs' characterization of an e-mail dated September 11, 2018 (attached as Ex. N to the Amended Complaint), and ICE respectfully refers the Court to the FOIA request for a complete and accurate description of its contents.

99.  Defendant ICE admits the allegations in the first sentence. The remaining allegation consists of a conclusion of law, to which no response is required.

100.  Defendant ICE admits the allegations in the first two sentence. The remaining allegation consists of a conclusion of law, to which no response is required.

101.  Defendant ICE admits the allegation in the first sentence.  The remaining allegation consists of a conclusion of law, to which no response is required.

102. Admitted.

103. Admitted.

104. Admitted.

105. Defendant CBP admits the allegations in the first sentence.  The remaining allegation

consists of conclusions of law, to which no response is required.

106. Admitted.

107. Admitted.

108. Admitted.

109. Defendant IRS admits that it sent a letter dated October 4, 2018 (attached as Ex. P to Plaintiffs' Amended Complaint), and respectfully refers the Court to the letter for a complete and accurate statement of its contents.

110. Admitted.

111. Defendant IRS admits that Plaintiffs responded to IRS's October 4, 2018 letter by a letter dated November 8, 2018 (attached as Ex. Q to Plaintiffs' Amended Complaint), and respectfully refers the Court to the letter for a complete and accurate statement of its contents.

112. Admitted.

113. Defendant IRS admits the allegations in the first sentence. The remaining allegation in this paragraph consists of a conclusion of law, to which no response is required.

114. Defendant IRS admits the allegation in the first sentence. The remaining allegation in this paragraph consists of a conclusion of law, to which no response is required.

115. Defendant IRS admits the allegations in the first sentence. The remaining allegation in this paragraph consists of a conclusion of law, to which no response is required.

116. Admitted.

117. Admitted.

118. Admitted.

119. Defendant USSS admits the allegations in the first sentence.  The remaining allegation consists of a conclusion of law, to which no response is required.

120. Defendant USSS admits that it informed Plaintiffs in its letter dated October 22, 2018

(attached as Ex. R to Plaintiffs' Amended Complaint) that Plaintiffs would be treated as an "educational" requester for FOIA purposes in the event that their fee waiver was denied, and respectfully refer the Court to the letter for a complete and accurate statement of its reasons.

121. Defendant USSS admits the allegations in the first sentence. The remaining allegation consists of a conclusion of law, to which no response is required.

122. Defendant USSS admits the allegations in the first sentence. The remaining allegation consists of a conclusion of law, to which no response is required.

123. Defendant USSS admits that it has assigned Plaintiffs' FOIA request tracking numbers 20190014, 20190015, and 20190016.

124. Admitted.

125.–126. Defendant DOJ-OIG admits that it sent a letter dated September 28, 2018 (attached as Ex. S to Plaintiffs' Amended Complaint), and respectfully refers the Court to the letter for a complete and accurate statement of its contents.

127. DOJ-OIG admits that Plaintiffs appealed its response by letter dated December 5, 2018 (attached as Ex. T to Plaintiffs' Amended Complaint). The remaining allegation regarding timeliness is a conclusion of law, to which no response is required.

128. The allegations in this paragraph contain conclusions of law, to which no response is required.

129. Defendant DOJ-OIG admits that its September 28, 2018 response letter does not address Plaintiffs' request for a public interest fee waiver or limitation of fees. The remainder of this paragraph consists of a conclusion of law, to which no response is required.

130. Defendant DOJ-OIG admits that its September 28, 2018 response letter does not address Plaintiffs' request for expedited processing. The remainder of this paragraph consists of a conclusion of law, to which no response is required.

131. Admitted.

132. Admitted.

133. Admitted.

134. Admitted.

135. Defendant DHS-OIG admits that as of the filing of this Complaint, Defendant DHS-OIG had not issued a final response to Plaintiffs' FOIA request and avers that it transmitted its final response to Plaintiffs via email on February 19, 2019.  The remaining allegation in this paragraph consists of a conclusion of law, to which no response is required.

136. Defendant DHS-OIG denies and admits that as of the filing of this Complaint, Defendant DHS-OIG had not issued a final response to Plaintiffs' FOIA request and avers that it transmitted its final response to Plaintiffs via email on February 19, 2019.  The remaining allegations in this paragraph consists of a conclusion of law, to which no response is required.

137. Admitted.

138. Admitted.

139. This paragraph consists of a legal conclusion, to which no response is required.

140. Admitted.

141. Admitted.

142. Admitted.

143. Admitted.

144. Defendant Treasury OIG admits the allegations in the first and second sentences.  The remaining allegation consists of a conclusion to law, to which no response is required.

145. Defendant Treasury OIG admits the allegations in the first sentence.  The remaining allegations consists of a legal conclusion, to which no response is require.

146. Admitted.

147. Admitted.

148. Admitted.

149. Admitted.

150. Defendant TIGTA admits that it sent the letter dated October 4, 2018 (attached as Ex. Y to Plaintiffs' Amended Complaint), and respectfully refers the Court to that letter for a complete and accurate statement of its contents.

151. Defendant TIGTA admits that Plaintiffs appealed TIGTA's response by letter dated December 5, 2018 (which is attached as Ex. Z to Plaintiffs' Amended Complaint).

152. The allegation in this paragraph consists of a conclusion of law, to which no response is required.

153. Defendant TIGTA admits that it sent a letter dated October 4, 2018, and that Plaintiffs sent a letter dated December 5, 2018, and respectfully refers the Court to those letters for a complete and accurate statement of their contents.

154. Admitted.

155. Admitted.

156. Admitted.

157. The allegations consists of a legal conclusion to which no response is required.

158. Admitted.

159. Defendants restate and incorporate by reference the responses contained in all of the preceding paragraphs.

160. This paragraph contains conclusions of law to which no response is required.

161. Defendants restate and incorporate by reference the responses in all of the preceding paragraphs.

162. This paragraph contains conclusions of law to which no response is required.

163. Defendants restate and incorporate by reference the responses in all of the preceding paragraphs.

164. This paragraph contains conclusions of law to which no response is required.

165. Defendants restate and incorporate by reference the responses in all of the preceding paragraphs.

166. This paragraph contains conclusions of law to which no response is required.

167. Defendants restate and incorporate by reference the responses in all of the preceding paragraphs.

168. This paragraph contains conclusions of law to which no response is required.

169. Defendants restate and incorporate by reference the responses in all of the preceding paragraphs.

170. This paragraph contains conclusions of law to which no response is required.

171. This paragraph consists of Plaintiffs' waiver of certain legal claims against particular defendants, to which no response is required.

172. Defendants restate and incorporate by reference the responses in all of the preceding paragraphs.

173. This paragraph contains conclusions of law to which no response is required.

174. This paragraph consists of Plaintiffs' waiver of certain legal claims against particular defendants, to which no response is required.

The remaining paragraph of the Amended Complaint contains Plaintiffs' prayer for relief to which no response is required. To extent a response is required, Defendants deny that Plaintiffs are entitled to any relief.

Defendants deny any and all allegations of the Amended Complaint not expressly admitted or denied.

**Defenses**

Some or all of the requested documents and information are exempt from disclosure.  5 U.S.C. § 552(b).

                Respectfully submitted,

                JAMES P. KENNEDY, JR.
                United States Attorney

                MICHAEL S. CERRONE
                Assistant U.S. Attorney
                U.S. Attorney's Office
                Western District of New York
                138 Delaware Avenue
                Buffalo, New York 14202
                716-843-5851
                Michael.cerrone@usdoj.gov

                JOSEPH H. HUNT
                Assistant Attorney General

                ELIZABETH J. SHAPIRO
                Deputy Branch Director

                <u>s/Marcia K. Sowles</u>
                MARCIA K. SOWLES
                Senior Trial Counsel
                United States Department of Justice
                Civil Division, Federal Programs Branch
                1100 L Street, N.W. Room 11028
                Washington, D.C.  20005
                202 514-4960
                Marcia.sowles@usdoj.gov

                Attorneys for Defendants