UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PRIVACY INTERNATIONAL, AMERICAN CIVIL
LIBERTIES UNION, AMERICAN CIVIL
LIBERTIES UNION FOUNDATION; and
CIVIL LIBERTIES AND TRANSPARENCY CLINIC,

    Plaintiffs,
v.                     18-CV-1488

FEDERAL BUREAU OF INVESTIGATION, et al.

    Defendants.

---

## JOINT STATUS REPORT

Pursuant to the Text Orders of Magistrate Judge Hugh B. Scott dated December 9, 2019 and January 17, 2020, plaintiffs Privacy International, American Civil Liberties Union, American Civil Liberties Union Foundation and Civil Liberties & Transparency Clinic, and defendants Federal Bureau of Investigation ("FBI"), Drug Enforcement Administration ("DEA"), Department of Justice Criminal Division, U.S. Immigration and Customs Enforcement ("ICE"), U.S. Customs and Border Protection ("CBP"), Internal Revenue Service ("IRS"), U.S. Secret Service ("USSS"), Department of Justice Office of Inspector General ("DOJ-OIG"), Department of Homeland Security Office of the Inspector General ("DHS-OIG"), Department of Treasury Office of the Inspector General ("Treasury-OIG") and Treasury Inspector General for Tax Administration ("TIGTA") hereby file this joint status report.

In this action, plaintiffs seek to compel the production of records under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). This status report describes the current status of

defendants' searches and their review and production of records and the parties' effort to narrow outstanding issues between plaintiffs and defendants.[1]

1. <u>TIGTA, DHS-OIG, Treasury-OIG and CBP</u>:  As explained in defendants' prior Status Report, four defendants – TIGTA, DHS-OIG, Treasury-OIG and CBP– have completed their searches and found no responsive records.  *See* ECF No. 22 ¶¶ 15.g. & 16.  Plaintiffs requested these agencies provide information of the nature of their searches.  Pursuant to that request, TIGTA, DHS-OIG, and Treasury-OIG provided plaintiffs with descriptions of their searches on September 3, 2019, and CBP provided plaintiffs a description of its search on December 13, 2019.  Based on those descriptions, plaintiffs have determined that they will not challenge the adequacy of the searches.

2. <u>IRS</u>:  IRS has completed its search and production in accordance with the interpretation and parameters set forth in defendants' July 12, 2019 letter to plaintiffs.  *See* ECF No. 22 ¶¶ 7-8 (discussing defendants' July 12, 2019 letter).  On November 26, 2019, IRS sent plaintiffs' counsel a letter via email explaining that it had located 35 pages of responsive records.  IRS released 14 pages in full and 11 pages in part and withheld 10 pages in full.  IRS withheld information pursuant to one or more of the following exemptions: Exemptions 3, 4, 5, 6, 7A, 7C and 7E.  With its letter, the IRS provided a draft Vaughn index.[2]  Plaintiffs are reviewing the

---

[1] Defendants' prior Status Report describes the background regarding plaintiffs' FOIA requests and the efforts by the parties to clarify and narrow the scope of plaintiffs' requests.  *See* ECF No. 22.

[2] In Defendants' Status Report, defendants noted that in addition to the general objection raised by defendants regarding the burden of searching individual investigative files, the IRS asserted that it was prohibited by I.R.C. § 6103 from disclosing information contained in individual case files.  In an effort to narrow the issues, the IRS asked plaintiffs whether they would be willing to agree that IRS will not have to search individual files.  Plaintiffs have agreed to that limitation..

index and records produced.  If plaintiffs determine that they would like to challenge withholdings, redactions, or other aspects of the IRS's response, they will confer with defendants regarding a schedule for summary judgment briefing and submit any proposal to the Court in a subsequent status report.

      3.     ICE:  ICE has completed its search and production in accordance with the interpretation and parameters set forth in defendants' July 12, 2019 letter to plaintiffs.  On October 9, 2019, ICE sent plaintiff's counsel a letter via email explaining that it had located 76 pages of responsive records.  ICE released 38 pages in full and withheld 38 pages in full or in part.  ICE withheld pages or portions of pages pursuant to one or more of the following exemptions:  Exemptions 5, 6, 7A, 7C and 7E.  On January 27, 2027, pursuant to plaintiffs' request, ICE provided plaintiffs with a draft Vaughn index of the records withheld in full. Plaintiffs are reviewing the index and the records produced. If plaintiffs determine that they would like to challenge withholdings, redactions, or other aspects of ICE's response, they will confer with defendants regarding a schedule for summary judgment briefing and submit any proposal to the Court in a subsequent status report.

      4.     USSS:  USSS has completed its search and production in accordance with the interpretation and parameters set forth in defendants' July 12, 2019 letter to plaintiffs.  On October 10, 2019, USSS sent plaintiff's counsel a letter via email explaining that it had located 23 pages of responsive records.  USSS released 23 pages with portions withheld pursuant to one or more of the following exemptions:  Exemptions 5, 7C and 7E.  On January 27, 2020, pursuant to plaintiffs' request, USSS provided plaintiffs with a further explanation for its redactions. Plaintiffs are reviewing the explanation provided and the records produced. If plaintiffs determine that they would like to challenge withholdings, redactions, or other aspects of USSS's

response, they will confer with defendants regarding a schedule for summary judgment briefing and submit any proposal to the Court in a subsequent status report.

5.      DEA:  DEA made its second and final response January 17, 2020, by sending plaintiffs' counsel a letter via email.  In the letter, DEA explained that it had completed its review of approximately of 142 remaining pages of potentially responsive records identified in its search and found that they were not responsive. The letter also explained that it had completed the search of the two additional offices mentioned in the prior status report and found no responsive records. If plaintiffs determine that they would like to challenge withholdings, redactions, or other aspects of DEA's response, they will confer with defendants regarding a schedule for summary judgment briefing and submit any proposal to the Court in a subsequent status report.

6.      Criminal Division:  The Criminal Division has completed its search for potentially responsive records and currently is in the process of reviewing and processing those records.  As explained in the prior Joint Status Report, the Criminal Division proposes to process 500 pages of potentially responsive pages per month and produce to plaintiffs any responsive, non-exempt records on a rolling basis.  ECF No. 28 ¶ 6.[3]  On December 16, 2019, the Criminal Division made its initial production, producing a 596 page document without redactions. On January 16, 2020, the Criminal Division made its second interim production, producing 555 pages.

7.     DOJ-OIG: As explained in the last status report, DOJ-OIG anticipates completing its processing of all responsive, non-exempt material by March 6, 2019.  This date does not include processing of material that require consultation with or direct referral to other components or

---

[3] As explained in the prior status report, the Criminal Division proposed two limitations regarding categories 1(d) and 5.  See ECF No. 28 ¶ 6.  Plaintiffs have agreed to those limitations.

agencies pursuant to 28 C.F.R. § 16.4.  In addition, this date is predicated on certain caveats regarding category 2 of plaintiffs' request to DOJ-OIG, seeks "any record that OIG relied upon in the course of preparing reports or other documents responsive to" the first part of the request.  See ECF No. 28 ¶ 7.  As explained in Defendants' Status Report (ECF No. 22), DOJ-OIG identified its report entitled "A Review of the FBI's Impersonation of a Journalist in a Criminal Investigation" (DOJ-OIG Report) as responsive to plaintiffs' request.  DOJ-OIG proposed to process any records that it relied upon in the DOJ-OIG Report's discussion of FBI's use of a Computer and Internet Protocol Address Verifier ("CIPAV"), such as the discussion on portions of pages 11 through 16, but not to process records that DOJ-OIG relied upon to prepare portions of the report focused on matters other than the FBI's use of the CIPAV.  *See* Defendants' Status Report, ECF No. 22 at 9 n. 2.  In a letter dated November 5, 2019, plaintiffs state they would agree to the limitation if, in addition to any records relating to pages 11-16, DOJ-OIG agreed to search for and process certain records that plaintiff identified as having been relied upon and mentioned in the report.  At the time that the parties filed their last joint status report, they had not reached an agreement on the proposal.  *See* ECF No. 28 ¶ 7.  The parties have now resolved this issue.  DOJ-OIG has agreed to process the records identified in plaintiffs' November 5, 2019 letter, or, the discrete portions thereof, as applicable, that are in its files.

    8.  <u>FBI</u>:  As explained in the last status report, the FBI plans to process 500 pages per month (its standard FOIA processing rate) with the first release of any non-exempt responsive records subject to FOIA to occur on or about March 6, 2020, and with any additional non-exempt responsive records subject to FOIA resulting from the 500 pages per month processing rate to be released subsequently on a monthly basis.  ECF No. 28 ¶ 8.  At present, the FBI estimates that

processing will require 5 months or more to complete, but this estimate might change as the search process continues.

9. As indicated in their last Joint Status Report, the parties propose that they file quarterly status reports hereafter, with the next quarterly report to be filed on April 30, 2020. As part of the next proposed status report, one or both parties may propose further orders regarding the management and scheduling of this case.

                                        Respectfully submitted,

| | |
|---|---|
| /s/Jonathan Manes | JAMES P. KENNEDY, JR. |
| Jonathan Manes, *Supervising Attorney* | United States Attorney |
| RJ McDonald, *Student Attorney*† | |
| Colton Kells, *Student Attorney*† | MICHAEL S. CERRONE |
| John Zakour, *Student Attorney*† | Assistant U.S. Attorney |
| Meghan Zickl, *Student Attorney*† | U.S. Attorney's Office |
| Civil Liberties and Transparency Clinic | Western District of New York |
| University at Buffalo School of Law | 138 Delaware Avenue |
| 507 O'Brian Hall, North Campus | Buffalo, New York 14202 |
| Buffalo, NY 14260-1100 | 716-843-5851 |
| Tel: 716-645-6222 | Michael.cerrone@usdoj.gov |
| Fax: 716-645-6199 | |
| jmmanes@buffalo.edu | JOSEPH H. HUNT |
| | Assistant Attorney General |
| | |
| | ELIZABETH J. SHAPIRO |
| | Deputy Branch Director |
| | |
| | s/Marcia K. Sowles |
| | MARCIA K. SOWLES |
| Brett Max Kaufman | Senior Trial Counsel |
| American Civil Liberties Union | United States Department of Justice |
| Foundation | Civil Division, Federal Programs Branch |
| 125 Broad Street, 18th Floor | 1100 L Street, N.W. Room 11028 |
| New York, NY 10004 | Washington, D.C.  20005 |
| Tel: 212-549-2500 | 202 514-4960 |
| bkaufman@aclu.org | Marcia.sowles@usdoj.gov |
| veidelman@aclu.org | |
| | Attorneys for Defendants |

6

Jennifer Stisa Granick*
American Civil Liberties Union Foundation
39 Drumm Street
San Francisco, CA 94111
Tel: 415-343-0758
jgranick@aclu.org

Caroline Wilson Palow*
Privacy International
62 Britton Street
London EC1M 5UY
United Kingdom
Tel: +44 (0)203-422-4321

Attorneys for Plaintiffs

*Not yet admitted in this District.
†Admitted as a law student practitioner pursuant to L. Civ. R. 83.6.