UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PRIVACY INTERNATIONAL, AMERICAN CIVIL
LIBERTIES UNION, AMERICAN CIVIL
LIBERTIES UNION FOUNDATION; and
CIVIL LIBERTIES AND TRANSPARENCY CLINIC,

           Plaintiffs,

v.                                                                18-CV-1488

FEDERAL BUREAU OF INVESTIGATION, et al.

           Defendants.
_____

## JOINT STATUS REPORT

Pursuant to the Text Order of United States Magistrate Judge Hugh B. Scott dated January 31, 2020, plaintiffs Privacy International, American Civil Liberties Union, American Civil Liberties Union Foundation and Civil Liberties & Transparency Clinic, and defendants Federal Bureau of Investigation ("FBI"), Drug Enforcement Administration ("DEA"), Department of Justice Criminal Division, U.S. Immigration and Customs Enforcement ("ICE"), U.S. Customs and Border Protection ("CBP"), Internal Revenue Service ("IRS"), U.S. Secret Service ("USSS"), Department of Justice Office of Inspector General ("DOJ-OIG"), Department of Homeland Security Office of the Inspector General ("DHS-OIG"), Department of Treasury Office of the Inspector General ("Treasury-OIG") and Treasury Inspector General for Tax Administration ("TIGTA") hereby file this joint quarterly status report.

In this action, plaintiffs seek to compel the production of records under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). This status report describes the current status of defendants' searches and their review and production of records.[1]

1. <u>TIGTA, DHS-OIG, Treasury-OIG and CBP</u>: As explained in defendants' Status Report dated September 10, 2019, four defendants – TIGTA, DHS-OIG, Treasury-OIG and CBP– have completed their searches and found no responsive records. *See* ECF No. 22 ¶¶ 15.g. & 16. Plaintiffs requested these agencies provide information of the nature of their searches. Pursuant to that request, TIGTA, DHS-OIG, and Treasury-OIG provided plaintiffs with descriptions of their searches on September 3, 2019, and CBP provided plaintiffs a description of its search on December 13, 2019. Based on those descriptions, plaintiffs have determined that they will not challenge the adequacy of the searches. *See* Joint Status Report dated Jan. 31, 2020, ECF No. 32 ¶ 1.

2. <u>IRS, ICE, USSS, and DEA</u>: As explained in prior Joint Status Report, four defendants – IRS, ICE, USSS, and DEA -- have completed their searches and productions in accordance with the interpretation and parameters set forth in defendants' July 12, 2019 letter to plaintiffs. *See* ECF No. 32 ¶¶ 2-5. Plaintiffs are reviewing the records and the indices and/or explanation for the redactions. Id. If plaintiffs determine that they would like to challenge withholdings, redactions, or other aspects of these defendants' responses, they will confer with defendants regarding a schedule for summary judgment briefing and submit any proposal to the Court in a subsequent status report. *Id*.

---

[1] Defendants' prior Status Report describes the background regarding plaintiffs' FOIA requests and the efforts by the parties to clarify and narrow the scope of plaintiffs' requests. *See* ECF No. 22.

3. <u>Criminal Division</u>: The Criminal Division has completed its search for potentially responsive records and currently is in the process of reviewing and processing those records. As explained in the prior Joint Status Report, the Criminal Division proposes to process 500 pages of potentially responsive pages per month and produce to plaintiffs any responsive, non-exempt records on a rolling basis. ECF No. 28 ¶ 6. Since the filing of the last Joint Status Report (ECF No. 48), the Criminal Division has made four additional monthly responses – one on June 21, 2021, one on July 16, , 2021, one on August 18, 2021 and one on September 17, 2021.[2]

4. <u>DOJ-OIG</u>: As explained in a prior report, DOJ-OIG completed its search for all responsive, non-exempt material. On March 6, 2020, DOJ-OIG sent plaintiffs' counsel a letter producing 47 pages with portions of the records withheld pursuant to Exemptions 6, 7C, and/or 7E. ECF No. 37 ¶ 4.[3] In the letter, DOJ-OIG also noted that it had sent portion of four of the 47

---

[2] The Criminal Division reports that it has approximately 10,500 pages that remain to be processed. The parties are discussing ways to narrow the scope so as to expedite completion of the processing, or otherwise to deal with this large volume of outstanding documents, but have not been able to reach an agreement at this time.
  Plaintiffs state that they understand, based on representations from Defendants, that the remaining documents are all similar in nature and that they will all be withheld in full by the Defendant agency based on the same claims of exemption. Accordingly, one possibility under discussion among the parties is that if Plaintiffs wish to challenge Defendants' withholding of these records, then a relatively small subset of these documents could be used as a "sample" to test the applicability of the claimed exemptions to the entire set of documents at issue.
  Plaintiffs have proposed that the Criminal Division provide an index or explanation for the redactions and withheld-in-full documents processed to date, so that Plaintiffs may make an informed decision whether to seek judicial review through summary judgment of any of those withholdings. Discussions between the parties on that topic remain ongoing.

[3] In the letter, DOJ-OIG also explained that it located (1) twenty-one documents consisting of approximately 150 pages that originated with the FBI and (2) one document consisting of approximately 22 pages that originated with the Office of the Attorney General. *Id*. Pursuant to 28 C.F.R. § 16.4, DOJ-OIG referred these documents to the FBI and to the DOJ Office of Information Policy (for the Office of the Attorney General) for processing and direct response. *Id*. By letter dated December 14, 2020, the Office of Information Policy produced the 22 pages in full. *See* ECF No. 41 ¶ 4. The FBI addressed the pages referred by DOJ-OIG for processing in its response dated November 30, 2020, withholding portions of the pages. *Id*.

3

pages that contained information of substantial interest to the FBI for consultation. After completing its consultation with the FBI, the DOJ-OIG made a supplemental release to Plaintiffs' counsel on June 8, 2021. In the letter, it explained that it had referred 5 pages (not 4 pages) and that portions of the pages were being withheld under Exemptions 6, 7C and 7E.

5. <u>FBI</u>: As explained in the last status report, FBI had completed its processing except for the records referred to other agencies for consultation. Since the last report, FBI has sent plaintiffs' counsel three response letters. On June 30, 2021, FBI made a production response with regard to 44 pages that had been referred for consultation, releasing 2 pages in part and withholding 42 pages in full. On July 30, 2021, FBI made another production response releasing 7 pages in part. On August 30, 2021, it sent a letter withholding five pages in full. FBI had expected to complete its processing of the remaining pages by September 30, 2021. However, based on the information that FBI received from one consulted agency, it was necessary to refer pages to another agency. FBI now expects to complete its processing by October 29, 2021. As with the Criminal Division documents, Plaintiffs have proposed that FBI create an index or other explanation of documents redacted or withheld so that Plaintiffs can make an informed determination whether to seek judicial review through summary judgment of any of the FBI's withholdings. Discussions on that topic remain ongoing between the parties.

6. At this time, it is premature for the parties to propose a schedule for resolving the case because the Criminal Division and FBI have not completed their processing. The parties further propose filing another quarterly joint report on December 31, 2021. As part of the next proposed status report, one or both parties may propose further orders regarding the management and scheduling of this case.

Dated: September 30, 2021

/s/Jonathan Manes
Jonathan Manes
Roderick & Solange MacArthur Justice Center
160 E. Grand Ave., 6th Fl.
Chicago, IL 60615
312-503-0012
jonathan.manes@law.northwestern.edu

Brett Max Kaufman
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-549-2500
bkaufman@aclu.org

Jennifer Stisa Granick*
American Civil Liberties Union Foundation
39 Drumm Street
San Francisco, CA 94111
Tel: 415-343-0758
jgranick@aclu.org

Caroline Wilson Palow*
Privacy International
62 Britton Street
London EC1M 5UY
United Kingdom
Tel: +44 (0)203-422-4321

Attorneys for Plaintiffs

*Not yet admitted in this District.

Respectfully submitted,

JAMES P. KENNEDY, JR.
United States Attorney

MICHAEL S. CERRONE
Assistant U.S. Attorney
U.S. Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716-843-5851
Michael.cerrone@usdoj.gov

BRIAN M. BOYNTON
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

s/Marcia K. Sowles
MARCIA K. SOWLES
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W. Room 11028
Washington, D.C. 20005
202 514-4960
Marcia.sowles@usdoj.gov

Attorneys for Defendants