UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PRIVACY INTERNATIONAL, AMERICAN CIVIL
LIBERTIES UNION, AMERICAN CIVIL
LIBERTIES UNION FOUNDATION; and
CIVIL LIBERTIES AND TRANSPARENCY CLINIC,

               Plaintiffs,

v.                                                                                18-CV-1488

FEDERAL BUREAU OF INVESTIGATION, et al.

               Defendants.

---

## JOINT STATUS REPORT

Pursuant to the Text Order of United States Magistrate Judge Hugh B. Scott dated

January 31, 2020, plaintiffs Privacy International, American Civil Liberties Union, American

Civil Liberties Union Foundation and Civil Liberties & Transparency Clinic, and defendants

Federal Bureau of Investigation ("FBI"), Drug Enforcement Administration ("DEA"),

Department of Justice Criminal Division, U.S. Immigration and Customs Enforcement ("ICE"),

U.S. Customs and Border Protection ("CBP"), Internal Revenue Service ("IRS"), U.S. Secret

Service ("USSS"), Department of Justice Office of Inspector General ("DOJ-OIG"), Department

of Homeland Security Office of the Inspector General ("DHS-OIG"), Department of Treasury

Office of the Inspector General ("Treasury-OIG") and Treasury Inspector General for Tax

Administration ("TIGTA") hereby file this joint quarterly status report.

In this action, plaintiffs seek to compel the production of records under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  This status report describes the current status of defendants' searches and their review and production of records.[1]

1.      TIGTA, DHS-OIG, Treasury-OIG and CBP:  As explained in defendants' Status Report dated September 10, 2019, four defendants – TIGTA, DHS-OIG, Treasury-OIG and CBP− have completed their searches and found no responsive records.  *See* ECF No. 22 ¶¶ 15.g. & 16.  Plaintiffs requested these agencies provide information of the nature of their searches. Pursuant to that request, TIGTA, DHS-OIG, and Treasury-OIG provided plaintiffs with descriptions of their searches on September 3, 2019, and CBP provided plaintiffs a description of its search on December 13, 2019.  Based on those descriptions, plaintiffs have determined that they will not challenge the adequacy of the searches. *See* Joint Status Report dated Jan. 31, 2020, ECF No. 32 ¶ 1.

2.      IRS, ICE, USSS, and DEA:  As explained in prior Joint Status Report, four defendants – IRS, ICE, USSS, and DEA -- have completed their searches and productions in accordance with the interpretation and parameters set forth in defendants' July 12, 2019 letter to plaintiffs.  *See* ECF No. 32 ¶¶ 2-5.  Plaintiffs are reviewing the records and the indices and/or explanation for the redactions. Id.  If plaintiffs determine that they would like to challenge withholdings, redactions, or other aspects of these defendants' responses, they will confer with defendants regarding a schedule for summary judgment briefing and submit any proposal to the Court in a subsequent status report.  *Id*.

---

[1] Defendants' prior Status Report describes the background regarding plaintiffs' FOIA requests and the efforts by the parties to clarify and narrow the scope of plaintiffs' requests.  *See* ECF No. 22.

3.   Criminal Division:  The Criminal Division has completed its search for potentially

responsive records and currently is in the process of reviewing and processing those records.  As

explained in the prior Joint Status Report, the Criminal Division proposes to process 500 pages

of potentially responsive pages per month and produce to plaintiffs any responsive, non-exempt

records on a rolling basis.  ECF No. 28 ¶ 6.  Since the filing of the last Joint Status Report (ECF

No. 50), the Criminal Division has made three additional monthly responses – one on April 18,

2022, one on May 18, 2022, and one on June 17, 2022.  The Criminal Division reports that it has

approximately 5,500 pages that remain to be processed.  The parties are continuing to discuss

ways to narrow the scope so as to expedite completion of the processing, or otherwise to deal

with this large volume of outstanding documents, but have not been able to reach an agreement

at this time.

4.   DOJ-OIG:  As explained in a prior report, DOJ-OIG completed its search for all

responsive, non-exempt material.  On March 6, 2020, DOJ-OIG sent plaintiffs' counsel a letter

producing 47 pages with portions of the records withheld pursuant to Exemptions 6, 7C, and/or

7E.  ECF No. 37 ¶ 4.[2]  In the letter, DOJ-OIG also noted that it had sent portion of four of the 47

pages that contained information of substantial interest to the FBI for consultation.  After

completing its consultation with the FBI, the DOJ-OIG made a supplemental release to

---

[2] In the letter, DOJ-OIG also explained that it located (1) twenty-one documents
consisting of approximately 150 pages that originated with the FBI and (2) one document
consisting of approximately 22 pages that originated with the Office of the Attorney General.  *Id.*
Pursuant to 28 C.F.R. § 16.4, DOJ-OIG referred these documents to the FBI and to the DOJ
Office of Information Policy (for the Office of the Attorney General) for processing and direct
response. *Id.*  By letter dated December 14, 2020, the Office of Information Policy produced the
22 pages in full.  *See* ECF No. 41 ¶ 4.  The FBI addressed the pages referred by DOJ-OIG for
processing in its response dated November 30, 2020, withholding portions of the pages.  *Id.*

Plaintiffs' counsel on June 8, 2021.  In the letter, it explained that it had referred 5 pages (not 4

pages) and that portions of the pages were being withheld under Exemptions 6, 7C and 7E.

5.   FBI:  As explained in the last status report, FBI has completed processing of the

remaining records.  *See* ECF No. 50, ¶ 5. In an attempt to narrow the issues in dispute, the FBI

provided Plaintiff an index of documents redacted or withheld on February 28, 2022.  Plaintiff

is reviewing the index.

6.   At this time, it is premature for the parties to propose a schedule for resolving the case

because the Criminal Division has not completed their processing and the parties are still

consulting. The parties further propose filing another joint report on August 15, 2022.  As part of

the next proposed status report, one or both parties may propose further orders regarding the

management and scheduling of this case.


Dated:  June 30, 2022                    Respectfully submitted,

/s/Jonathan Manes                        JAMES P. KENNEDY, JR.
Jonathan Manes                           United States Attorney
Roderick & Solange MacArthur Justice
Center                                   MICHAEL S. CERRONE
160 E. Grand Ave., 6th Fl.               Assistant U.S. Attorney
Chicago, IL 60615                        U.S. Attorney's Office
312-503-0012                             Western District of New York
jonathan.manes@law.northwestern.edu      138 Delaware Avenue
                                         Buffalo, New York 14202
Brett Max Kaufman                        716-843-5851
American Civil Liberties Union           Michael.cerrone@usdoj.gov
Foundation
125 Broad Street, 18th Floor             BRIAN M. BOYNTON
New York, NY 10004                       Acting Assistant Attorney General
Tel: 212-549-2500
bkaufman@aclu.org                        ELIZABETH J. SHAPIRO
                                         Deputy Branch Director
Jennifer Stisa Granick*
American Civil Liberties Union           s/Marcia K. Sowles
Foundation                               MARCIA K. SOWLES

4

39 Drumm Street
San Francisco, CA 94111
Tel: 415-343-0758
jgranick@aclu.org

Caroline Wilson Palow*
Privacy International
62 Britton Street
London EC1M 5UY
United Kingdom
Tel: +44 (0)203-422-4321

Attorneys for Plaintiffs

*Not yet admitted in this District.

Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W. Room 11028
Washington, D.C.  20005
202 514-4960
Marcia.sowles@usdoj.gov

Attorneys for Defendants