UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――――

PRIVACY INTERNATIONAL, AMERICAN CIVIL
LIBERTIES UNION, AMERICAN CIVIL
LIBERTIES UNION FOUNDATION; and
CIVIL LIBERTIES AND TRANSPARENCY CLINIC,

                    Plaintiffs,

v.                                                        18-CV-1488

FEDERAL BUREAU OF INVESTIGATION, et al.

                    Defendants.

―――――――――――――――――――――――――――――――

## <u>JOINT STATUS REPORT</u>

Pursuant to the Text Order of United States Magistrate Judge Hugh B. Scott dated January 31, 2020, plaintiffs Privacy International, American Civil Liberties Union, American Civil Liberties Union Foundation and Civil Liberties & Transparency Clinic, and defendants Federal Bureau of Investigation ("FBI"), Drug Enforcement Administration ("DEA"), Department of Justice Criminal Division, U.S. Immigration and Customs Enforcement ("ICE"), U.S. Customs and Border Protection ("CBP"), Internal Revenue Service ("IRS"), U.S. Secret Service ("USSS"), Department of Justice Office of Inspector General ("DOJ-OIG"), Department of Homeland Security Office of the Inspector General ("DHS-OIG"), Department of Treasury Office of the Inspector General ("Treasury-OIG") and Treasury Inspector General for Tax Administration ("TIGTA") hereby file this periodic joint status report.

In this action, plaintiffs seek to compel the production of records under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  This status report describes the current status of defendants' searches and their review and production of records.[1]

1.      <u>TIGTA, DHS-OIG, Treasury-OIG and CBP</u>:  As explained in defendants' Status Report dated September 10, 2019, four defendants – TIGTA, DHS-OIG, Treasury-OIG and CBP− have completed their searches and found no responsive records.  *See* ECF No. 22 ¶¶ 15.g. & 16.  Plaintiffs requested these agencies provide information of the nature of their searches. Pursuant to that request, TIGTA, DHS-OIG, and Treasury-OIG provided plaintiffs with descriptions of their searches on September 3, 2019, and CBP provided plaintiffs a description of its search on December 13, 2019.  Based on those descriptions, plaintiffs have determined that they will not challenge the adequacy of the searches. *See* Joint Status Report dated Jan. 31, 2020, ECF No. 32 ¶ 1.

2.      <u>IRS, ICE, USSS, and DEA</u>:  As explained in prior Joint Status Report, four defendants – IRS, ICE, USSS, and DEA -- have completed their searches and productions in accordance with the interpretation and parameters set forth in defendants' July 12, 2019 letter to plaintiffs.  *See* ECF No. 32 ¶¶ 2-5.  Plaintiffs are reviewing the records and the indices and/or explanation for the redactions. Id.  If plaintiffs determine that they would like to challenge withholdings, redactions, or other aspects of these defendants' responses, they will confer with defendants regarding a schedule for summary judgment briefing and submit any proposal to the Court in a subsequent status report. *Id*.

---

[1] Defendants' prior Status Report describes the background regarding plaintiffs' FOIA requests and the efforts by the parties to clarify and narrow the scope of plaintiffs' requests.  *See* ECF No. 22.

3.  <u>Criminal Division</u>:  The Criminal Division has completed its search for potentially responsive records.  As explained in the Joint Status Report dated June 30, 2022, the Criminal Division reported that approximately 5,500 potentially responsive pages remain to be processed *See* ECF No. 51, ¶ 3.  As the parties reported in the Joint Status Report dated August 15, 2022, in an effort to expedite the resolution of this case, the parties reached the following agreement: (1) In lieu of continuing to process the remaining records, the Criminal Division would provide Plaintiffs a categorical descriptions of records withheld in full and in part by October 14, 2022.  This would include the categories of records (meaning types of records – for example, draft warrants), as well as the types of information, and the FOIA exemptions that the Criminal Division is asserting.  (2) The records withheld from March 2021- June 2022 would be a sampling of the records in Category 5 (representative of the remaining records to be processed as well), for which the Criminal Division would also provide a categorical withholding description. *See* ECF No. 52, ¶ 3.  Pursuant to this agreement, on October 14, 2022, the Criminal Division provided Plaintiffs with categorical descriptions of records withheld in full and in part.  Plaintiffs are reviewing those descriptions.

4.  <u>DOJ-OIG</u>:  As explained in a prior report, DOJ-OIG completed its search for all responsive, non-exempt material.  On March 6, 2020, DOJ-OIG sent plaintiffs' counsel a letter producing 47 pages with portions of the records withheld pursuant to Exemptions 6, 7C, and/or 7E.  ECF No. 37 ¶ 4.[2]  In the letter, DOJ-OIG also noted that it had sent portion of four of the 47

---

[2] In the letter, DOJ-OIG also explained that it located (1) twenty-one documents consisting of approximately 150 pages that originated with the FBI and (2) one document consisting of approximately 22 pages that originated with the Office of the Attorney General. *Id.* Pursuant to 28 C.F.R. § 16.4, DOJ-OIG referred these documents to the FBI and to the DOJ Office of Information Policy (for the Office of the Attorney General) for processing and direct response. *Id.*  By letter dated December 14, 2020, the Office of Information Policy produced the

pages that contained information of substantial interest to the FBI for consultation.  After

completing its consultation with the FBI, the DOJ-OIG made a supplemental release to

Plaintiffs' counsel on June 8, 2021.  In the letter, it explained that it had referred 5 pages (not 4

pages) and that portions of the pages were being withheld under Exemptions 6, 7C and 7E.

5.   <u>FBI</u>:  As explained in the last status report, FBI has completed processing of the

remaining records.  *See* ECF No. 50, ¶ 5. In an attempt to narrow the issues in dispute, the FBI

provided Plaintiff an index of documents redacted or withheld on February 28, 2022.  Plaintiff

is reviewing the index.

6.   At this time, it is premature for the parties to propose a schedule for resolving the case

because the parties are still consulting. The parties further propose filing another joint report on

May 15, 2023.  As part of the next proposed status report, one or both parties may propose

further orders regarding the management and scheduling of this case.


Dated:  February 15, 2023                      Respectfully submitted,

 /s/Jonathan Manes                              TRINI E. ROSS
Jonathan Manes                                 United States Attorney
Roderick & Solange MacArthur Justice
Center                                         MICHAEL S. CERRONE
160 E. Grand Ave., 6th Fl.                     Assistant U.S. Attorney
Chicago, IL 60615                              U.S. Attorney's Office
312-503-0012                                   Western District of New York
jonathan.manes@macarthurjustice.org            138 Delaware Avenue
                                               Buffalo, New York 14202
Attorney for Plaintiffs                        716-843-5851
                                               Michael.cerrone@usdoj.gov


                                               BRIAN M. BOYNTON

---

22 pages in full.  *See* ECF No. 41 ¶ 4.  The FBI addressed the pages referred by DOJ-OIG for
processing in its response dated November 30, 2020, withholding portions of the pages.  *Id.*

Principal Deputy Assistant
Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

s/Marcia K. Sowles
MARCIA K. SOWLES
Senior Trial Counsel
United States Department of
Justice
Civil Division, Federal
Programs Branch
1100 L Street, N.W. Room
11028
Washington, D.C.  20005
202 514-4960
Marcia.sowles@usdoj.gov

Attorneys for Defendants